IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DAVID DRIELING**                                                                 **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO.:** 1:24cv360 LG-BWR

**MICHAEL A. KHANI D/B/A IHOP**                                   **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, David Drieling, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under Title VII of the Civil Rights Act of 1964 for retaliation, 42 U.S.C. § 1981 for retaliation, the Americans with Disabilities Act (ADA) for disability discrimination, the Americans with Disabilities Act (ADA) for retaliation, Title VII of the Civil Rights Act of 1964 for sex discrimination, and Title VII of the Civil Rights Act of 1964 for sexual harassment against the Defendant, Michael A. Khani d/b/a IHOP. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, David Drieling, is an adult female who resides in Jackson County, Mississippi.

2. Defendant, Michael A. Khani d/b/a IHOP, may be served with process by serving Michael A. Khani, Owner, at 15130 Turkey Creek Drive, Gulfport, Mississippi 39503.

**JURISDICTION AND VENUE**

3. This Court has federal question and civil rights jurisdiction for a cause of

1

action arising under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA).

4. This Court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

5. Plaintiff timely filed her Charge of Discrimination with the EEOC on September 9, 2024, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on September 17, 2024, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely filed this cause of action within ninety (90) days of his Notice of Right to Sue.

## STATEMENT OF FACTS

6. Plaintiff is a 40-year-old gay male resident of Jackson County, Mississippi.

7. Plaintiff was hired on January 30, 2024, as a Server at Michael A. Khani d/b/a IHOP.

9. On or around December 17, 2008, Plaintiff was involved in a severe car accident which left him suffering from a severe limp.

10. During or around 2020, Plaintiff was diagnosed as HIV+.

11. Within weeks after his hiring, Plaintiff was promoted to Chief Server. He worked at IHOP stores in both Biloxi and Gulfport.

12. Beginning around mid-February 2024, Cook Jeremy Hinton and Cook Murrell Cenales (aka "Vick") referred to Plaintiff as "faggot" and a "dick sucker" and made other disparaging comments about Mr. Drieling's sexual orientation.

13. Also beginning around mid-February 2024, and continuing after that, in

addition to his harassment and discrimination against Plaintiff related to his sexual orientation, Mr. Hinton and others in the store mocked Plaintiff related to his disability, e.g., saying, "You crooked walking bitch."

14. On or around late February 2024, Plaintiff submitted a complaint of sexual harassment and discrimination due to his sexual orientation and harassment and discrimination related to his disability (i.e., his limp) to Owner Michael Khani.

15. Mr. Khani encouraged Plaintiff to do his best to get along with his co-workers.

16. No mention of investigating the complaint was made.

17. During or around mid-April 2024, Plaintiff disclosed to Manager Marcus Clark that he (Mr. Drieling) was HIV+.

18. After that, Mr. Clark disclosed this information to other managers at IHOP.

19. On May 8, 2024, District Manager James Wells informed Plaintiff that he was demoted, allegedly due to insubordination.

20. Plaintiff contends this allegation is false.

21. On May 11, 2024, Plaintiff was terminated.

22. Plaintiff contends that after he made complaints of discrimination due to sexual orientation/sex harassment, and disability, he was retaliated against and demoted and then terminated.

23. On September 9, 2024, Plaintiff filed an EEOC Charge of discrimination due to disability and sexual orientation, and retaliation against IHOP.

## **CAUSES OF ACTION**

### COUNT I: VIOLATION OF TITLE VII - RETALIATION

24. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 23 above as if fully incorporated herein.

25. Defendant retaliated against Plaintiff by terminating his employment for making a complaint of discrimination.

26. The effect of the events described above deprived Plaintiff of equal employment opportunities in retaliation for exercising his federally protected rights.

27. The unlawful actions of the Defendant complained of above were intentional.

28. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

29. Plaintiff is entitled to protection from retaliation for making complaints or charges of discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq*.

30. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.,* and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

### COUNT II: VIOLATION OF 42 U.S.C § 1981 – RETALIATION

31. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 30 above as if fully incorporated herein.

32. Defendant has violated 42 U.S.C. §1981 by retaliating against Plaintiff for reporting discrimination. Plaintiff is entitled to protection for making complaints or

charges of misconduct in violation of 42 U.S.C. §1981.

33. The acts of the Defendant constitute a willful intentional violation of 42 U.S.C. §1981 and other federal laws, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

### COUNT III: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) - DISABILITY DISCRIMINATION

34. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 33 above as if fully incorporated herein.

35. Defendant has discriminated against Plaintiff because of his disability based on the facts identified above which constitutes a violation of the Americans with Disabilities Act.

36. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, anxiety and emotional distress.

37. The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### COUNT IV: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) – RETALIATION

38. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 37 above as if fully incorporated herein.

39. Defendant has violated the Americans with Disabilities Act by retaliating against Plaintiff for reporting discrimination.

40. Plaintiff is entitled to protection for making complaints or charges of misconduct in violation of Americans with Disabilities Act.

41.     The acts of the Defendant constitute a willful intentional violation of the Americans with Disabilities Act.

## COUNT V: VIOLATION OF TITLE VII - SEX DISCRIMINATION

42.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 41 above as if fully incorporated herein.

43.     Defendant discriminated against Plaintiff because of Plaintiff's sexual orientation in violation of Title VII.

44.     Plaintiff has suffered lost wages, benefits because of his termination and other pecuniary losses as well as deep humiliation, anxiety and emotional distress.

45.     The unlawful actions of Defendants complaint of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff giving rise to to both compensatory and punitive damages under Title VII.

## COUNT VI:  VIOLATION OF TITLE VII – SEXUAL HARASSMENT

46.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 45 above as if fully incorporated herein.

47.     Defendant has discriminated against Plaintiff because of his sex by subjecting him to sexual harassment as set forth in more detail above which constitutes a violation of the Title VII of the Civil Rights Act of 1964.

48.     Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, anxiety and emotional distress.

49.     The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages:
2. Reinstatement or future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Lost benefits;
7. Pre-judgment and post-judgment interest;
8. Costs and expenses; and
9. Such further relief as is deemed just and proper.

THIS the 19th day of November 2024.

                                                Respectfully submitted,

                                                DAVID DRIELING, Plaintiff

By:   /s/Louis H. Watson, Jr.
        Louis H. Watson, Jr.  (MB# 9053)
        Nick Norris (MB# 101574)
        Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com