IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID DRIELING                                                                   PLAINTIFF

VS.                                         CIVIL ACTION NO. 1:24-cv-00360-LG-BWR

MICHAEL A. KHANI D/B/A IHOP                                    DEFENDANT

## ANSWER AND DEFENSES

COMES NOW Michael A. Khani d/b/a IHOP ("IHOP"), defendant herein, by and through counsel, and files its Answer and Defenses to the plaintiff's Complaint, as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted and should be dismissed with prejudice pursuant to F.R.C.P. 12(b)(6).

## SECOND DEFENSE

IHOP pleads and affirmatively avails itself of any and all good faith defenses available to it under Rule 12(b)(1) through 12(b)(7) of the Federal Rules of Civil Procedure. IHOP hereby preserves and specifically does not waive any defense which might be or become available to it as discovery proceeds and the facts of the case develop.

## THIRD DEFENSE

## ANSWER

Without waiving its right to be heard on the foregoing Defense, IHOP responds to the allegations contained in the Complaint, as follows:

## THE PARTIES

1.     IHOP is without sufficient information to admit or deny the allegations contained in Paragraph 1 and, therefore, denies those allegations.

{D2361815.1}

2. Admitted.

## JURISDICTION AND VENUE

3. IHOP admits only that this Court has jurisdiction over this case. IHOP denies all liability and all remaining allegations.

4. IHOP admits only that this Court has jurisdiction over this case and that venue is proper in this Court. IHOP denies all liability and all remaining allegations.

5. IHOP admits only that Exhibits "A" and "B" to the Complaint speak for themselves. IHOP denies all liability and all remaining allegations.

## STATEMENT OF FACTS

6. IHOP is without sufficient information to admit or deny the allegations contained in Paragraph 6 and, therefore, denies those allegations.

7. IHOP admits only that the plaintiff was hired as a server at its restaurant and began working there in February 2024. IHOP denies all liability and all remaining allegations.

8. There is no Paragraph 8.

9. IHOP is without sufficient information to admit or deny the allegations contained in Paragraph 9 and, therefore, denies those allegations.

10. IHOP is without sufficient information to admit or deny the allegations contained in Paragraph 10 and, therefore, denies those allegations.

11. IHOP admits only that the plaintiff worked in its restaurants in Biloxi and Gulfport. IHOP denies all liability and all remaining allegations.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. IHOP admits only that the plaintiff was demoted in early May 2024. IHOP denies all liability and all remaining allegations.

20. IHOP admits only that the plaintiff denies certain alleged statements to him. IHOP denies all liability and all remaining allegations.

21. Admitted.

22. Denied.

23. IHOP admits only that the plaintiff's Charge of Discrimination speaks for itself. IHOP denies all liability and all remaining allegations.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII - RETALIATION

24. IHOP reasserts all prior responses as if set forth again herein in full.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

### COUNT II: VIOLATION OF 42 U.S.C. § 1981 - RETALIATION

31. IHOP reasserts all prior responses as if set forth again herein in full.

32. Denied.

33. Denied.

### COUNT III: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) – DISABILITY DISCRIMINATION

34. IHOP reasserts all prior responses as if set forth again herein in full.

35. Denied.

36. Denied.

37. Denied.

### COUNT IV: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) – RETALIATION

38. IHOP reasserts all prior responses as if set forth again herein in full.

39. Denied.

40. Denied.

41. Denied.

### COUNT V: VIOLATION OF TITLE VII – SEX DISCRIMINATION

42. IHOP reasserts all prior responses as if set forth again herein in full.

43. Denied.

44. Denied.

45. Denied.

### COUNT VI: VIOLATION OF TITLE VII – SEXUAL HARASSMENT

46. IHOP reasserts all prior responses as if set forth again herein in full.

47. Denied.

48. Denied.

49. Denied.

## PRAYER FOR RELIEF

In response to the unnumbered paragraph of the Complaint beginning with the phrase "WHEREFORE, PREMISES CONSIDERED," and all sub-parts thereof, IHOP denies that the plaintiff is entitled to judgment or any other relief against it.

AND NOW, having responded to the allegations of the Complaint, IHOP asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the employment at-will doctrine.

## SECOND AFFIRMATIVE DEFENSE

Any claims for relief based on state law are barred by the exclusive remedy provisions of the Mississippi Worker's Compensation Act.

## THIRD AFFIRMATIVE DEFENSE

IHOP asserts all defenses, privileges, and immunities available to it under the Americans with Disabilities Act.

## FOURTH AFFIRMATIVE DEFENSE

IHOP had legitimate, nondiscriminatory reasons for all of his employment decisions involving the plaintiff. All actions taken against the plaintiff by IHOP were non-discriminatory, non-retaliatory, and made in accordance with all applicable federal and state law.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff's protected status, if any, played no role in IHOP's employment decisions. Even if the plaintiff's protected status was a motivating factor in IHOP's employment decisions, IHOP would have made the same decisions absent his protected status, which bars the plaintiff's claims.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff has not engaged in any protected activity and was not subjected to retaliation.

**SEVENTH AFFIRMATIVE DEFENSE**

At all times relevant to this litigation, IHOP's actions were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory reasons. IHOP had an objectively reasonable basis for believing its conduct was in compliance with all federal employment laws.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff failed to mitigate his alleged damages. Alternatively, any interim earnings received by the plaintiff (including, but not limited to, unemployment compensation and benefits) are a setoff to any attempt to secure an award of backpay or any other form of damages.

**NINTH AFFIRMATIVE DEFENSE**

The plaintiff's damages, if any, are barred because the alleged conduct of IHOP was not the proximate cause of his alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

All injuries and damages for which the plaintiff seeks recovery were the result of his own conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any claim by the plaintiff that was not made the subject of a timely Charge of Discrimination with the EEOC is barred for a failure to exhaust administrative remedies.

**TWELFTH AFFIRMATIVE DEFENSE**

Even if the plaintiff proves that a prohibited factor or protected conduct motivated IHOP's employment actions, which IHOP expressly denies, the same actions would have been taken even absent such motivation, and, therefore, the plaintiff's claims fail.

### THIRTEENTH AFFIRMATIVE DEFENSE

IHOP affirmatively invokes all applicable damages caps and limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

IHOP pleads and affirmatively avails itself of any and all good faith defenses available to it under Federal Rule of Civil Procedure 8(c) including, but not limited to, contributory/comparative fault, payment, accord and satisfaction, statute of limitations, waiver, estoppel, and/or laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff failed to engage in the interactive process with IHOP. Additionally and/or alternatively, IHOP complied with its obligations under all applicable laws.

### SIXTEENTH AFFIRMATIVE DEFENSE

IHOP asserts his right to rely upon after-acquired evidence of misconduct to mitigate the plaintiff's damages, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovering punitive damages because IHOP engaged in no acts that rise to the level required to sustain an award of such damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages would violate the substantive and procedural due process safeguards guaranteed to the defendant by the United States and Mississippi Constitutions. Any such award of damages is, therefore, barred.

### NINETEENTH AFFIRMATIVE DEFENSE

With respect to the claim for punitive damages, IHOP would affirmatively show that (a) since punitive damages are penal in nature, IHOP is entitled to the same procedural safeguards

afforded to those charged with a crime, and an assessment of punitive damages herein would be in violation of the Sixth Amendment of the United States Constitution, (b) any claim for punitive damages violates the substantive and procedural due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and provisions of the Mississippi Constitution, (c) any award of punitive damages in this case would be in violation of the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and the Mississippi Constitution since the standards for imposing liability and for assessing the amount for punitive damages are unconstitutionally vague, (d) the application of such an unconstitutionally vague standard is arbitrary, capricious and not rationally related to any legitimate governmental interest, (e) any award of punitive damages in this case would be in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article 3 and various section of the Mississippi Constitution, (f) IHOP invokes the limitations regarding the enforceability and constitutionality of punitive damages awards as set forth in *BMW of America v. Gore,* 116 U.S. 1589 (1996) and *State Farm Mutual Auto. Insur. v. Campbell,* 538 U.S. (2003), (g) the Complaint fails to state a claim against IHOP upon which the plaintiff may be awarded punitive or exemplary damages, and (h) IHOP invokes Mississippi's statutory law pertaining to punitive damages, including Miss. Code Ann. §11-1-65.

## TWENTIETH AFFIRMATIVE DEFENSE

IHOP treated the plaintiff the same as his co-workers and did not discriminate against him.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that the plaintiff's injuries and damages, if any, were caused by a person or entity other than IHOP, IHOP invokes the provisions of Section 85-5-7 of the Mississippi Code and the allocation of fault provisions contained therein.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

IHOP exercised reasonable care to prevent and/or correct promptly any alleged harassing behavior; and the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by IHOP or to avoid harm otherwise.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Affirmatively and alternatively, no action, policy, custom or practice of IHOP caused or contributed to the injuries or damages, if any, sustained by the plaintiff.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

IHOP denies that plaintiff suffered any emotional, psychological, and/or physical injuries as a result of its actions. IHOP is also not responsible for the plaintiff's pre-existing emotional, psychological, and/or physical conditions.

WHEREFORE, PREMISES CONSIDERED, Michael A. Khani d/b/a IHOP respectfully requests that the Complaint be dismissed with prejudice and that all costs assessed to the plaintiff.

Respectfully submitted,

MICHAEL A. KHANI D/B/A IHOP

By: /s/Timothy M. Peeples
TIMOTHY M. PEEPLES

TIMOTHY M. PEEPLES – MS BAR NO. 100103
tpeeples@danielcoker.com
MORGAN S. HART – MS BAR NO. 106484
mhart@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
POST OFFICE BOX 1396
OXFORD, MISSISSIPPI 38655-1396
TELEPHONE: 662-232-8979
FACSIMILE: 662-232-8940